Brandon L. Phillips, Counsel for Appellants, SSA Architecture, Small Studio Associates LLC, Brandy Brown, Counsel for Appellees, Stacey Marie Hillyer. Alright, so Mr. Phillips, how much time, do you wish to reserve time for rebuttal and if so, how much? I'll reserve five minutes, Your Honor. I think it's fairly straightforward. Alright, you may commence. Good morning. I believe this matter is fairly straightforward. This was, in our briefing as you saw, was fairly short, but the matter is very straightforward. There was a dispute over whether service had been done. My office, me personally, reached out to try to confirm that service was done with Ms. Brown. We had questioned why they had not filed an issue to our adversary complaint and there was no response. Instead of that, Ms. Brown filed a motion to dismiss. We opposed that. We looked into that matter. They challenged the service. On the service issue, we had a meeting about service going out to the client on this matter. There was a day that we had and service went out in our office. We saw the document being prepared, printed, and then sent out for service in the mailing as required under the federal rules. But the judge found that the summons was never served on anybody. That's the finding, correct? That was the finding, but in our office, we know that it went out. We had it sent out. It was just an error. My paralegal at the time, she did file a supplemental affidavit claiming she did, in fact, mail it out. We're talking for the 90 days of service that's allowed. Just a few days after the 90 days of service had expired, did the debtor file their motion? So this wasn't an extended period of time. This wasn't a long delay. My client had actually spent almost three years in prior litigation against Ms. Hillier before she filed bankruptcy, and that was on the eve of trial before she filed that bankruptcy. My client has been pursuing her for some time, and to have this case dismissed on a dispute regarding whether service occurred or not is wholly unfair and disregards the merits of the matter. Was it clearly erroneous by the trial court to determine that the summons wasn't served? We believe that. I mean, we had an affidavit from my paralegal in the office that had been doing this that said it went out. Okay, so the trial court looks at evidence and comes to a conclusion that is not – I mean, are you saying it's implausible that he concluded, or are you saying that you had a better story? Because those are two very different things. Understood, Your Honor. I'm saying that my staff concluded that it did go out. But the judge didn't accept that, so why is it clearly erroneous for him not to accept it? It's clearly erroneous because there was no reason for us not to send it out. We know that they had notice of the suit. When we went to the 341 creditors meeting, they acknowledged, look, we can cut this questioning short by Mr. Phillips. He can take it up in his – he can take it up during a – during the process. He can take it up during his adversary complaint when he takes her deposition. So there was no claim that we – you know, when we had that 341 meeting, we believed because they had acknowledged the adversary. There was no reason for us at any time until they – to believe that service had not been done. Can I ask you a question? This document that you say, the certificate of mailing on April 30, 2020 by Robin Tucker, is that your paralegal? Yes, it was at the time, yes. Yeah, and it's hard. I'm looking on an iPad, so I can't tell you which document it is. But it very clearly says that she – she mailed the complaint. It says nothing about the summons. Well, we believe they both went out. That was – I mean, that was the discussion. You tell me – My only thing is – Counsel, is there another document that says the summons? Because what she issued contemporaneously with doing it does not say the summons. I understand that there was not another document that went out or that supplemented that. We didn't believe that the court was going to dismiss the case on that procedural issue. You know, I mean, like I said, it was just days after the service expired. Okay. So what's left of – you didn't file a proof of claim, so you have no claim against – and the debtor's estate has no money in it. So you have no claim left for your damages, but you do have an injunction claim. Can't you just – it was dismissed without prejudice, right? Can't you just go to state court and if you want to – I think it's an intentional interference claim future to stop that. Can't you still do that? We do not believe – we believe that she received her discharge and that there's – I mean, the thing was, is money damages was the issue. My client lost literally business. In another case, Representative, in another case that was related to these parties, we received a $4 million judgment almost against her employer at the time, Carl Schoen. Right. But the discharge I don't think is – well, you'd have to look at it. Are you convinced that the discharge – okay, the money damages, she didn't file a proof of claim against the estate.  The injunctive relief you can still seek potentially, have you researched that and are you confident that you can't? No, I believe that there's potential relief there, but we will go and go that – go and go from there. Okay. So the error is harmless even if there is an error as to that? We believe the error was completely harmless. I mean, we spent so much money – I mean, just so you know where we were at, my client had hired another counsel that had been pursuing Ms. Hilliard for almost a year before I got in, and the amount that he spent with them was astronomical. We were then on the eve of trial, and then they filed the bankruptcy. I mean, like I said, we were involved. We appeared at the 341 creditors meeting. We were there. They said, hey, come back and do your – go through the adversary complaint procedure. I mean, that was – that's my position is there is no harm to the debtor here. She knew about it. She told us about it. She told us, hey, when you take my deposition, you can question me more about those issues. So we drew our 341 creditors meeting time short because of representations from counsel that, hey, pick it up during your adversary complaint process. There was no idea at that time that the service had not been completed and that a summons had not been properly given to them. So that is our issue here. Right. And what is the impact, though, of failing to serve the summons? You don't have power. You know, you didn't timely acquire power over her in connection with your complaint, right? Correct. And what are the consequences? I mean, you know, that's the – I mean, the consequences is my client's case is completely over. He has no ability to go after her for the potentially millions of dollars that he lost and has no – you know what I mean? He's the one that's out. He's over this – Understood. Understood. Understood. And like I said, and I just want to be very clear, my assistant did put that in there. And he actually did have a meeting in my office about this going out. So it occurred, dumbfounds me, because I was part of the meeting where the staff said this is going out, this is being dropped in the mail. For me, as the attorney overseeing it, to believe that it didn't actually – that they didn't get it. Did you ask Judge Beasley to extend the deadline for you to file that rather than dismissing the complaint at the hearing? To be honest, no, we did not. He heard the matter on the merits and not on – I did not appear at that hearing. And that's why one of the – the assistant is now no longer with us. She is putting that on my date. I think Ms. Brown appeared. And she originally said, well, there was no opposition filed here. And Ms. Brown did correct him and say, yes, there was an opposition filed. And he said, well, I will then determine it on the merits of the pleadings that are before me. But one of the options under Rule 4M is dismiss the complaint. The other option is extend the deadline, right? Right. He could have done either. And I believe that may have been asked in our opposition. Off the top of my head, I don't know. It may have been asked in the opposition. But like we also said, there was other sanctions he could have given in terms of full dismissal. I think that was the harshest penalty possible. And I understand that the judge may have been upset that I did not appear at the hearing. But to have my client have the harshest penalty possible is unfair to a claim that has been there for quite some time. I'm struggling with why it's so harsh if you read your complaint. Because your complaint did have money damages claims in it, but they were against the estate. You hadn't filed a proof of claim. You weren't getting anything from the estate. You hadn't – it was a no-asset estate. So the money piece is done, and the injunction piece you still got. So if she does it in the future, you can go after her for that. You can stop her from doing whatever it is that she did. I don't get why this complaint was going to – it was without prejudice, correct? So you can file – he didn't make a merits-based determination. He said you can refile it. Your Honor, just so you know, I mean obviously this we would hope to have played out in the adversary proceeding. That we believe she wronged the property that she had. She owned it before the bankruptcy and then transferred it to her then-boyfriend, later husband. And it was in his name. And so we were going to look into that issue during the adversary complaint process. And that being an asset that we potentially could attach to any judgment. Well, that's a fraudulent transfer action you're talking about. And if you find it, I imagine the trustee would – I don't know the time. I mean, I'd have to go back and look. But would clap his hands and go after it. That belongs to the estate. But I can only look at the face of the complaint. Okay. Okay, I'm sorry we got into your five minutes. So, yes, you'll reserve the rest of your time. All right. Ms. Brown. Okay, go ahead. Sorry, I'm new to this. The summons was never served. Only go by what's in the fleet. Ms. Brown, you're cutting out, so I think you need to get closer to your microphone. Sorry. That's okay. Is it good now? I think so. So the summons was never served. If you look at the affidavit of the paralegal, it says the complaint was served on counsel. So it was served on me. The summons was never served on me or on my client. And there's nothing in the record that states otherwise. That counsel believes now he may or may not have sent it out. There's nothing in the record that supports that. The one declaration that's in there says only the complaint. And it only says my office. It doesn't say the debtor herself. It didn't say that the complaint wasn't properly served. Because while that affidavit says it was sent to me, the rules provide that it was sent to the debtor. And the debtor never received it. And there's nothing in the record that supports that it was ever mailed to the debtor. So when we're talking about the potentiality that the summons was in something, it was in something to you, not in something to the debtor, which is the person that needed to get it, to have. The summons was never sent to me or to the debtor. Understood. Understood. But at one point he's arguing that I know we included it in that envelope. And just to be clear, that was an envelope to you. Correct. The complaint was, according to their certificate, the complaint was sent to me. My office has no recollection of that. We don't have it in our file. But their certificate of service under penalty of perjury says that the complaint was mailed to my office. And I will take that at face value that the complaint was sent to me. Because a lot's gone on. Everyone's been in transition. So if he says under penalty of perjury that it's been mailed to my office, it absolutely has. But the summons was not included in that declaration. There's no justification for supporting someone's consent. And the complaint being sent to me is not appropriate service, not personal service, to my client. She had not reached out to me for the adversary at that point. When I did mention the adversary after 3-41, I said, you know, take a 2004 exam. Didn't go into detail with my client about it because it was originally filed in the underlying case of the docket before I went to the hearing. It had breach of contract claims. It didn't have any bankruptcy claims. Honestly, that's what my client said. I'm like, it's going to fix it, put real bankruptcy, 727, yeah, real bankruptcy claims in it, and refile it as an adversary not in the underlying bankruptcy case. So my client didn't have actual knowledge at any point of the complaint. I did, according to his certificate of service, get a copy of the complaint but never the summons. So we have one of the points here is sort of this tension between Mullane v. Central Hanover Bank, you know, which is sort of you know enough to do something, but you still have to have the summons to get power to act. Correct. Absolutely. You have to have jurisdiction, right? I mean, the summons is what starts and the complaint is what starts the action. Here, it's not an appropriate start because she had no knowledge. She had no due process. And then as you're weighing these factors, no motion to extend the due process has been filed. So you can't get into a lot of the different analysis that maybe could support their claim because the request of, okay, Your Honor, I'm not a normal bankruptcy practitioner. I practice in state court. I messed up the summons. Can the court please forgive me? Allow this to be extended and we'll go from there. That was never done. And to this day, no motion to extend has been filed. The summons has never been mailed to the debtor. The complaint has never been mailed to the debtor. So instead of fixing the problem, which counsel could have done, he's put his heels in and been like, no, I was correct because I mailed the complaint to counsel only, which is not the appropriate standard. Now he did ask for an extension in his opposition to your motion to dismiss, didn't he? I don't believe, Your Honor, he did. I think he did. Again, no motion to extend has been filed. And no reason to extend has been given. I don't believe that he went through the requirements of good faith and excusable neglect in an opposition to why an extension should be given. So I think Judge Beasley found that the summons had never been, and it was expired also, had never been mailed and had been expired. The summons was issued March 20th, and even the paralegal's declaration was on April 30th, 2020. Which she didn't do, which is not in the declaration. The seven days had passed by then. Now, I talked with counsel about what I'll term sort of a harmless error analysis, because while there's some big numbers in this, it was filed as just a straight-up claim against the estate, in effect, but they didn't file a proof of claim. And this is a no-asset estate in any event. Is that not true? That is correct, Your Honor. So the monetary damages as pled is, you know, you never would have gotten anything. And then the injunctive relief to the extent she does something in the future, that's not discharged, correct? Correct. And the injunctive relief is not subject to the discharge, correct? Correct. However, that part, she's no longer engaged with them. She's no longer doing anything. So I think it's moot, but it wouldn't violate the stay to proceed in that action. So they could still do that? And to the extent he's thinking that there's some fraudulent transfer, I don't know if the two years has passed or not, or the four years more accurately, I guess. Nothing about this stops that, correct? Correct. But I think that's very inappropriate. My client never fraudulently transferred anything. I'm just looking at harmless error. I'm just looking at, you know, what's the big problem. And if that's really what he's concerned about, which is one thing I hadn't seen earlier, that's still theoretically possible. I mean, there was no merits-based decision on this by Judge Beasley, correct? Correct. He asked if there was any personal jurisdiction over my client, and he found neither. But, I mean, he could contact the trustee and talk about a fraudulent transfer if he found reasonable grounds. But the trust, through this entire case, and didn't find any appropriate fraudulent transfer action and didn't bring anything against my client. And, again, we don't really need to use your time to talk about that because we're not going to find there is or isn't. I'm just trying to find out what wasn't. Right. And there wasn't anything that bars him from that kind of action. Correct, Your Honor. There's nothing that bars him. And the claim was dismissed without... As... As the... Because, I mean, the deadline for... Still, it was dismissed in the appropriate way by Judge Beasley. All right. Having asked that, I'm going to ask the tough question. Is this a final order? Yes, Your Honor. Okay, why? Because it dismisses all of the claims. Okay, but it was without prejudice. Right. Because the deadline and the statute of limitations is passed. Okay. We'll stop right there. Okay. Thank you. Thank you. There's anything else from any of the other justices? That's all I have for me. Thank you. Judge Brand? No, I'm okay. All right. Thank you very much for your arguments. All right. Mr. Phillips, you have about three minutes for rebuttal, so you may commence. Yes, thank you again, panel, for hearing us today. I just did want to confirm one thing. I did pull up our opposition, and at the end of the opposition, we do say in the alternate, if the court does find that there was, you know, an error in the service of this, you know, please grant us a very brief extension of time to allow this service to be completed. So that was in there, and since he just read the, you know what I mean? Like, my point is, is you have an affidavit from my assistant that it was sent out. It looks, you know, we've been involved in the case. There's been no neglect of what's been done. We filed the adversary complaint timely. We were pursuing it. We had been in communication. We appeared at the 341 creditors meeting. My assistant says it went out, and then we asked for any alternative relief, you know, to allow us this brief extension of time, and it's totally denied on every element. And so I think that, like, again, that goes back to the harsh penalty of, yeah, you may have missed it by a few days. And the other part is I did reach out to Ms. Brown, which I think she did acknowledge, prior to her filing the motion. Did, you know, did your client receive a service? Have you received service? Is there any issue with service? Have you, you know, is there a reason why you're not responding? Please, you know, discuss this matter with me. And I didn't get a response, which, I mean, was her right, and she files her motion to dismiss, which, you know, procedurally I understand that she has to represent her client, but my point to you is we were trying to make sure that there wasn't, you know, just winging it. It wasn't that situation where we ignored this case, and then we came back some later time and said, oh, we didn't know. Well, we did file the appeal. That's why we haven't corrected anything is because it was dismissed. I mean, I don't think there would be any merit to serving the complaint now of a dismissed complaint. I think that would be the argument. Complaint and summons, it was service on a dismissed complaint. Why would they ever even attempt to answer it? And I think that's kind of a, you know. I think the point is you could still file a complaint to seek the relief that is available, was available to you under the complaint as pled. It was without prejudice. Yes. That's the point. That's why we filed the appeal, and should this appeal, you know, be not turned back in our favor, then I'm sure my client will pursue that. He's been pursuing her for four years, so I don't see any interest. In a manner consistent with the discharge. Yeah. So, all right. Anything further? No, Your Honors. Thank you very much for your time, and I appreciate your diligence in this matter. All right. Thank you. Well, thank you both for your good arguments. This will be under submission, and we will endeavor to get you a decision as soon as possible. Thank you. Thank you.
judges: Taylor, Lafferty, Brand